# 25-222; 25-223

## United States Court of Appeals For the Second Circuit

———

UNITED STATES OF AMERICA

*Appellee*

v.

ALON ALEXANDER

OREN ALEXANDER

*Defendant-Appellants*

———

On Appeal from the United States District Court
for the Southern District of New York, No. 24-CR-676 (VEC)

———

### JOINT REPLY OF APPELLANTS ALON ALEXANDER AND OREN ALEXANDER TO REQUIRE GOVERNMENT'S <u>RESPONSE BRIEF TO BE FILED WITHIN 30 DAYS</u>

| | |
|---|---|
| **RICHARD KLUGH** | **HOWARD M. SREBNICK** |
| LAW OFFICE OF RICHARD KLUGH | **JACKIE PERCZEK** |
| *Attorney for Defendant-Appellant* | BLACK SREBNICK |
| *Oren Alexander* | *Attorneys for Defendant-Appellant* |
| 40 NW 3rd Street, PH1 | *Alon Alexander* |
| Miami, Florida 33128 | 201 South Biscayne Boulevard |
| (305) 903-6900 | Suite 1300 |
| | Miami, Florida 33131 |
| | (305) 371-6421 |

## JOINT REPLY IN SUPPORT OF APPELLANTS' MOTION TO REQUIRE GOVERNMENT'S RESPONSE BRIEF TO BE FILED WITHIN 30 DAYS

In its Opposition [App. Dkt. 30.1] to the Joint Motion [App. Dkt. 26.1] of Appellants Alon Alexander and Oren Alexander to Require Government's Response Brief to be Filed Within 30 Days, the government does not state any reason why it needs until July 12, rather than May 12, to file its Response Brief. In the time since the detention order was entered, the docket has been quiet, with only a single, agreed motion filed. The trial is scheduled for January 2026. The government has not suggested that its team of attorneys assigned to this case are otherwise occupied or unavailable to file a Response Brief in the timeframe proposed.

Indeed, the government has already filed an Opposition [App. Dkt. 23.1, No. 25-224] to co-Appellant Tal Alexander's *Motion* for Pretrial Release [App. Dkt 20.1, No. 25-224] in this consolidated appeal, which raises the same issues as those raised in Appellants' Joint Brief. And the government even invites Alon and Oren Alexander to each file their own Motion for Pretrial Release, which would trigger a 10-day response deadline under Fed. R. App. P. 27(a)(3)(A), rather than the 30 days that Appellants propose. *See* App. Dkt. 30.1 at 7-8 ("The Alexanders may still file a motion that complies with Federal Rule 27. Should the Alexanders elect to do so, they would be entitled to a briefing schedule more aligned with their desire for an expedited disposition."). The government fails to explain why it is unable to file a

single Response Brief within 30 days but could file two oppositions to two motions within 10 days, addressing the same legal issues presented in the Joint Brief.

Instead, the government begrudges Appellants for the time (and words) it took their appellate counsel to research and draft the Joint Brief. That Appellants needed that time to engage appellate counsel to set aside other matters and dedicate their time to complete the Joint Brief is not germane to whether the government, with its vast resources, can get the job done in 30 days. The government has three government attorneys assigned to the prosecution team and other experienced attorneys in the appellate section of the U.S. Attorney's Office. Meanwhile, Appellants, not the government, suffered the prejudice of continued detention occasioned by the time it took their counsel to file the Joint Brief; that is no justification for a further delay of 60 additional days for the government to respond. After all, each unnecessary day of custody violates the statutory and constitutional rights of a presumptively innocent, pretrial detainee.

To be sure, Appellants' Joint Brief provides this Court with an expansive recitation of the procedural history, including lengthy excerpts from the transcripts of the multiple detention hearings—which Appellants submit will help streamline this Court's review of the record. To that effect, 7,339 words of the Joint Brief are devoted to the Statement of the Case, with which the government is already familiar. Also, to aid the Court in applying the law to the facts of this case, the Joint Brief endeavors to provide a more expansive analysis of the statutory framework and case

law than could be presented in a 5,200-word motion. That Appellants' counsel dedicated more time and deployed more words to assist this Court's decision-making should be welcomed, not used as grounds for unnecessary delay in responding and resolving this appeal.

Appellants therefore ask this Court to grant their motion requiring the government to file a response by May 12, 2025.

I certify that this reply complies with the typeface and volume limitations of Rules 27 and 32 of the Federal Rules of Appellate Procedure because this reply contains 581 words, excluding the parts of the reply exempted by Fed. R. App. P. 27(d)(2)(C), and has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font, in accordance with Fed. R. App. P. 32(a)(5)-(6).

Respectfully submitted,

*/s/ Richard Klugh*
**RICHARD KLUGH**
LAW OFFICE OF RICHARD KLUGH
*Attorney for Defendant-Appellant Oren Alexander*
40 NW 3rd Street, PH1
Miami, Florida 33128
(305) 903-6900

*/s/ Howard Srebnick*
**HOWARD M. SREBNICK**
**JACKIE PERCZEK**
BLACK SREBNICK
*Attorneys for Defendant-Appellant Alon Alexander*
201 S. Biscayne Boulevard, Suite 1300
Miami, Florida 33131
(305) 371-6421