**Black Srebnick**
CIVIL | CRIMINAL

HOWARD SREBNICK, *Partner*
Office: 305.371.6421
Mobile: 305.608.2600
hsrebnick@royblack.com

June 12, 2025

Catherine O'Hagan Wolfe, Clerk of Court
United States Court of Appeals for the Second Circuit
40 Foley Square
New York, New York 10007

    **RE:   FRAP 28(j) Letter of Supplemental Authority**
          *United States v. Alon, Oren, and Tal Alexander*
          **Consolidated Nos. 25-222 / 25-223 / 25-224**

Ms. O'Hagan Wolfe,

    Pursuant to FRAP 28(j), the Alexanders jointly cite *Ames v. Ohio Dep't of Youth Servs.,* 605 U.S. ___, 2025 WL 1583264 (U.S. June 5, 2025), in which the Supreme Court unanimously rejected the Sixth Circuit's judicially-created "rule that requires certain Title VII plaintiffs … to satisfy a heightened evidentiary standard in order to carry their burden," because that "requirement is not consistent with Title VII's text." *Id.* at *2, *6. Justice Thomas, joined by Justice Gorsuch, wrote "separately to highlight the problems that arise when judges create atextual legal rules and frameworks. Judge-made doctrines have a tendency to distort the underlying statutory text, impose unnecessary burdens on litigants, and cause confusion for courts." *Id.* at *6.

    *Ames* supports the Alexanders' argument that the district court erred insofar as it refused to consider statutorily authorized conditions of release under the Bail Reform Act (*i.e.*, home incarceration supplemented by private security known to the judge), based on the judicially-created, atextual rule announced in *United States v. Boustani*, 932 F.3d 79 (2d Cir. 2019).

Catherine O'Hagan Wolfe, Clerk of Court
United States Court of Appeals for the Second Circuit
June 12, 2025
Page 2
_____

Significantly, the district court made no finding that the proposed "combination of conditions," to include private security, would fail to "reasonably assure the appearance of the [Alexanders] … and the safety of any other person and the community." 18 U.S.C. § 3142(e).

If this Panel is inclined to affirm the detention order because, under *Boustani*, the district court was prohibited from considering the efficacy of private security in alleviating flight risk and danger, then we urge the Panel to request a poll of the active judges for an en banc hearing on whether *Boustani* should be overruled, particularly in light of *Ames*. *See* FRAP 40(g) ("**Initial Hearing En Banc**. On its own … a court may hear an appeal or other proceeding initially en banc."); Second Circuit IOP 40.1(a) ("**Judges Eligible to Request an En Banc Poll.** Only an active judge of the court or a senior judge who sat on the three-judge panel is eligible to request a poll of the active judges to determine whether a case should be heard or reheard en banc.").

We certify that the body of this letter contains 347 words.

                         Respectfully submitted,

                         */s/ Howard Srebnick*
                         **HOWARD M. SREBNICK**
                         **JACKIE PERCZEK**
                         **ALEXA KLEIN**
                         **JEANELLE GOMEZ**
                         Black Srebnick
                         *Attorneys for Alon Alexander*
                         201 S. Biscayne Blvd, Suite 1300
                         Miami, Florida 33131
                         (305) 371-6421
                         HSrebnick@RoyBlack.com



Catherine O'Hagan Wolfe, Clerk of Court
United States Court of Appeals for the Second Circuit
June 12, 2025
Page 3
_____

cc: Richard Klugh
     Milt Williams
     Deanna Paul
     Alexander Kahn
     Jason Goldman

     Kaiya Arroyo
     Elizabeth A. Espinosa
     Andrew W. Jones
     Assistant United States Attorneys
     Southern District of New York

